IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10546
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL KEITH PEOPLES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-143-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Keith Peoples appeals the 24-month sentence he received upon revocation of his supervised release. He contends that the sentence is unreasonable because the district court exceeded the recommended guidelines range without providing sufficient reasons.

This court has not yet determined what standard of review applies to sentences imposed on revocation of supervised release after United States v. Booker, 543 U.S. 220 (2005). See United States v. Hernandez-Martinez, 485 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

270, 272-73 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007) (noting that some courts consider revocation sentences under Booker's reasonableness standard and some under the pre-Booker "plainly unreasonable" standard). We need not do so in the instant case because the sentence passes muster even under a reasonableness standard. See id; Gall v. United States 128 S. Ct. 586, 597 (2007) (holding that appellate courts review both Guidelines and non-Guidelines sentences for reasonableness).

The sentence imposed, though in excess of the recommended guidelines range, was within the statutory maximum. See 18 U.S.C. § 3583(e)(3) (providing statutory maximum of 24 months). In sentencing Peoples, the district court gave proper consideration to the factors found in 18 U.S.C. § 3553(a) including: the nature of Peoples's offenses, his history and personal characteristics, the need for the sentence imposed to afford adequate deterrence to Peoples, and the need to promote respect for the law and protect the public from further crimes. Peoples does not identify a significant procedural error with the district court's sentence. See Gall, 128 S. Ct. at 597. Recognizing that the district court is in a "superior position to find facts and judge their import under § 3553(a)," we hold that the district court adequately considered the relevant sentencing factors under § 3553(a), and that its 24-month sentence is reasonable. Id. at 597-98.

Peoples also asserts that his sentence is in violation of the principles announced in Booker, Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), because in revoking his supervised release, the district court is permitted to increase the maximum sentence beyond the maximum supported by a jury verdict or admitted by a defendant. Peoples acknowledges, however, that this argument is foreclosed by United States v. Hinson, 429 F.3d 114 (5th Cir. 2005).

Accordingly, we AFFIRM the district court's judgment.